# In the United States Court of Federal Claims

No. 11-863C
(Filed January 29, 2021)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                   *
                                   *
JOACHIM CHIANTELLA,                *
                                   *
              Plaintiff,           *
                                   *
      v.                           *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
* * * * * * * * * * * * * * * * * *
```

## ORDER

In this matter, which was brought by Joachim Chiantella *pro se*, plaintiff sought compensation for work he allegedly did for the Department of Veterans Affairs after the expiration of his contract position. Compl. at 1–2. The complaint alleged that he sought, and may have obtained, a conversion of his contract position to one of federal employment and that he continued to work, on the understanding that he was an employee. *Id.* He alleges he was never paid for work performed in the post-contract period. *Id.* at 2–4. Despite these curious allegations, the government entered into settlement negotiations, which continued for several years. *See, e.g.,* ECF Nos. 15, 19, 21, 55, 97. Owing to certain physical limitations Mr. Chiantella's wife, Etel Chiantella (née Paksi), was authorized to act as his representative in this matter. *See* Order (June 5, 2012), ECF No. 13.

Unfortunately, during these protracted settlement proceedings, it appears both Mr. and Mrs. Chiantella have died. *See* ECF No. 106, Ex. A; ECF No. 110, Ex. A. After the government reported Mr. Chiantella's apparent death, the Court ordered his wife to file either a statement noting his death or a status report indicating that he was still alive, on or by September 20, 2019, to begin the substitution process under Rule 25(a)(1) of the Rules of the United States Court of Federal Claims (RCFC). Order (July 22, 2019), ECF No. 108. No response was received to that order.

On July 7, 2020, defendant filed a motion to dismiss the case for failure to prosecute, pursuant to RCFC 41(b).  ECF No. 110.  In this motion, the government informed the court that an estate sale of two properties owned by Mrs. Chiantella was conducted on July 23, 2019, by the Office of the Public Administrator for Suffolk County, in the State of New York.  That entity is charged with the disposition of the assets of deceased persons who have no estate representative.  Apparently, Mrs. Chiantella had died prior to the June 24, 2019 inspection date for one of the auctioned properties, *see* ECF No. 110-1 at 3, and thus before the Court issued its July 22, 2019 Order.

Because of the *pro se* status of the late plaintiff, Chambers attempted to locate and contact family members of Mr. and Mrs. Chiantella, but these attempts were not successful.  Additionally, internet searches revealed published notices in newspapers attempting, without apparent success, to locate Mrs. Chiantella's successors.  Chambers also contacted the attorney, Bernard Vishnick, who, on behalf of the Office of the Public Administrator, represented Mr. Chiantella's estate.  Mister Vishnick informed the Office of the Public Administrator of the existence of Mr. Chiantella's claim in this court, but no representative from that office or any other party has come forth seeking to represent the estate of Mr. Chiantella.  Regrettably, as plaintiff has failed to arrange for the continued prosecution of this action, and reasonable efforts to identify a successor in interest have not succeeded, the Court finds it has little choice but to **GRANT** the government's motion to dismiss the case for failure to prosecute.  *See Keel v. United States*, 229 Ct. Cl. 867, 868 (1982).  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge